NEW YORK COUNTY—HON. GIDEON J. TUCKER—SURROGATE, February, 1863.

## CUNNINGHAM *v.* SOUZA.

*In the Matter of the Petition to compel the Executrix of the Estate of* WILLIAM H. MERCHANT, *to give security or be superseded.*

The proponent, who is also the executrix, and a legatee under an alleged will of the testator, of a later date than that already admitted to probate, has such an interest in the estate of the deceased, pending proceedings on the probate of the paper propounded by her, as entitles her to petition for an order compelling the executrix of the will already admitted, to give security or be superseded.

The "due administration of the estate," for which an executor gives security, consists in paying its obligations, and handing over the balance to the persons entitled.

The facts sufficiently appear in the opinion.

LEVI S. CHATFIELD, WILLIAM C. RUSSELL, and CHARLES E. BIRDSALL, *for the Petitioners.*

PIERREPONT & STANLEY, *Opposed.*

THE SURROGATE.—A paper was propounded as the last will and testament of William H. Merchant, and as such admitted to probate in this office. By this will Charlotte Souza was named as executrix, and letters testamentary have been granted to her. Subsequently to the probate of the Souza will, Selina A. Cunningham filed her petition, together with her husband, propounding for probate a paper of later date, alleged to be the will of said Merchant, and to have been since discovered, and praying that it may be admitted to probate, and that the decree admitting the Souza will be cancelled and revoked. In this paper so propounded, Selina A. Cunningham is named as sole executrix. These proceedings are now pending, and undetermined before me; the counsel for the alleged Cunningham will having examined the two subscribing witnesses thereto, but not yet rested their case.

Meanwhile the petitioner has filed her petition, in which she alleges that she is one of the legatees in what she claims to be the last will of Merchant, and is the executrix under the same, and that she is interested in his estate; she shows that Charlotte Souza has possession of the estate as executrix, by virtue of letters testamentary granted to her; she alleges that the circumstances of Miss Souza are precarious, and that there is danger that the assets of the estate may be lost or misapplied; and prays that Miss Souza be superseded as such executrix, or that she give security pending the proceedings relative to the probate of the alleged Cunningham will.

It is admitted by the parties that the petitioner, Mrs. Cunningham, is one of the next of kin of the deceased Merchant; and that she is not named in, and takes no interest whatever under the Souza will.

Upon this state of facts, counsel for Miss Souza moved to dismiss the petition, as having been made by a person not "interested in the estate of the deceased." (3 *Rev. Stat.*, 5 ed., 156, § 18.) It is claimed by them that I cannot look beyond the will already admitted to probate by a decree of this court, to ascertain who may be "interested in the estate." In other words, that none but those claiming under the will can object to the executrix who is named in the will.

But it is not competent, in my judgment, to set up the decree of probate of the Souza will, which is attacked, as a bar to the alleged interest of the petitioner. I entertain no doubt whatever of the power of the surrogate to revoke that decree, upon proof of the paper propounded by the petitioner. If the court possess the power to revoke its decree, it is self-evident that the decree itself cannot be set up as a bar to the exercise of an authority which presupposes the existence of some decree on which to act. (*Campbell* v. *Logan*, 2 *Bradf.*, 91.)

In this matter, the two parties are before me as litigants in respect to Merchant's whole estate; claiming under the two papers;—the one already admitted to probate recognized by this court as the will, and partially executed; and the

other, of later date, propounded for probate. The question is, whether, pending such litigation, I am not compelled to assume that they are all "interested in the estate." What the interest of each may be, I cannot try now; it must be determined by the event of the litigation. Any apparent interest, positively sworn to as this is, has invariably been held sufficient to justify the demand for security in this court. (*Dayton on Surrogates*, 597.) And a higher court has held that a contingent remainder-man might petition. (*Emerson* v. *Bowers*, 14 *N. Y.*, 449.) And the case of *Cotterel* v. *Broch* (1 *Bradf.*, 148), is a strong one to show that any person who may become "interested in having the estate preserved in the hands of a responsible executor," thereby establishes a "sufficient interest to authorize the intervention of the court."

In the same case (p. 150), the learned surrogate remarks:

"In the ecclesiastical courts, on an application for an account, the validity of a demand will not be tried. Nor will the Statute of Limitations be allowed as a bar. As in cases of bail at common law, it is a wiser and more salutary rule to treat a demand, positively sworn to, and *prima facie* valid, as establishing interest."

But the counsel for Miss Souza raise the point that the security, if directed to be given by Miss Souza, must be given "for the due administration of the estate;" and that this due administration must consist in carrying out the provisions of the Souza will, already admitted to probate, and under which the petitioner has no interest. That is not exactly the case. The due administration of the estate, for which an executor gives security, consists in paying its obligations, and handing over the balance to the persons entitled—the persons to whom the law awards it. If the Souza will be maintained, the law will have made it the duty of the executrix to pay over the balance to herself as the residuary legatee. If the alleged Cunningham will, however, should be admitted to probate, it will be as much a part of Miss Souza's "due administration of the estate" to pay over the

balance to the person who has been ascertained by the law to be the representative of the estate under that will, as it would be for her to pay it to an administrator with the will annexed, should she be superseded on this application.

The motion to dismiss the petition, for non-appearance of interest, is denied.